Filed 11/20/20  P. v. Tilley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERNEST SAMUEL TILLEY,<br><br>    Defendant and Appellant. | C091804<br><br>(Super. Ct. No. 20SPP00735) |

Defendant Ernest Samuel Tilley was released from custody to parole supervision on November 10, 2019.  Under the conditions of his parole, he was not to use any controlled substances or engage in any criminal conduct.  He violated these conditions when he used methamphetamine/amphetamine and attempted to rob a store, and the Department of Corrections and Rehabilitation's Division of Adult Parole Operations filed a petition to revoke defendant's parole.

1

At the parole revocation hearing, defendant admitted the two parole violations. The trial court revoked, then reinstated, parole, and imposed a 90-day jail sentence. Defendant appeals from the court's order finding he violated his parole.

DISCUSSION

Defendant's appointed counsel has asked this court for an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) (AOB 8) Defendant was informed of his right to file a supplemental brief and did not do so. (AOB 10-11)

Review pursuant to *Wende* or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493], is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.)

The right to *Anders/Wende* review applies only at appellate proceedings where defendant has a previously established constitutional right to counsel. (*People v. Serrano*, *supra*, 211 Cal.App.4th at p. 500; *Conservatorship of Ben C.*, *supra*, 40 Cal.4th at pp. 536-537.) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano*, at pp. 500-501.) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, defendant is not entitled to *Wende* review in such an appeal. (See *Serrano*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to Pen. Code, § 1016.5].)

The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*People v. Serrano*, *supra*, 211 Cal.App.4th at p. 501.) Applying *Serrano*

2

here, defendant has no right to a *Wende* review of the trial court's order finding he violated his parole.  Accordingly, we dismiss the appeal.

DISPOSITION

The appeal is dismissed.


/s/_____
Robie, Acting P. J.

We concur:


/s/_____
Murray, J.


/s/_____
Hoch, J.

3